No. 830

STATE ex rel v. BOULEY, Director

Ohio Appeals, 4th District, Franklin County
No. 1147. Decided Oct. 20, 1923

**326A. ROADS.**

Construction of statute 1189 GC. requiring publication of notice of change in highway.

ALLREAD, J.

Epitomized Opinion

Action by Foster as tax payer and citizen, to enjoin the execution and performance of a contract for the improvement of certain sections of an inter-county highway and main market road, for alleged defects and irregularities in the proceedings. It it alleged that the change of the road is to be made without proper publication in all the counties.

The statute 1189 GC. provides that the State Highway Commissioner shall give notice by publication in two newspapers of general circulation in ch of the counties in which said inter-county highway or any part thereof is located. Publication of notice was made in newspapers of Union and Logan counties where the proposed change of route was to be made. The road extends also into Auglaize and Mercer counties, and it is contended the notice should be published in newspapers of these counties also. In dissolving the injunction the Court of Appeals held:

1. The statute did not require a notice to be given in each of the counties where the highway was located. By the words, "or any part thereof," it is reasonable to assume that the legislature intended that the publication should be made only in the county or counties where the changed portion of the road was located. The publication in Union and Logan counties is therefore sufficient.

Attorneys—R. W. Walton, W. S. Pealer and D. Aiken, for Foster; C. C. Crabbe, W. J. Myers and C. Williamson, for Bouley, Director of Highways and Public Works et al.

No. 831

LARONGE v. INGLE

Ohio Appeals, 8th District, Cuyahoga County
No. 4504. Decided Sept. 24, 1923

**339. SPECIFIC PERFORMANCE.**

Decree for specific performance and also damages for breach of contract is erroneous.

LEVINE, J.

Epitomized Opinion

Laronge agreed to sell and Ingle agreed to buy certain improved property. Ingle paid all there was due under the contract except $1,000. This is an action for specific performance and also for damages. Ingle alleged that Laronge breached the contract by failing to deliver a warranty deed and in failing to convey the building as per contract. The trial court decreed specific performance and also damages. It is assigned as error that the petition failed to allege a tender of the amount due, and also that the court should not decree specific performance and damages, but specific performance and damages, but specific performance with compensation. It is also claimed that the trial court applied an improper measure of damages. In reversing the judgment, the Court of Appeals held:

1. Where a defect is material, the vendee may refuse performance or have specific performance with compensation. It was competent to pray for compensation but it is doubted if the existence of a defect would excuse a tender of the purchase price. The vendee may refuse performance and sue for a breach of contract because of the non-performance of the vendor, but he cannot sue for specific performance and damages. It must be specific performance with compensation, which is merely a reduction from the purchase price by a court of equity. Damages for breach of contract is based upon definite standards adopted by the law.

2. The trial court applied an improper measure of damages in that items were allowed by way of damages which are not justified by the terms of the contract.

Attorneys—H. DuLaurence and J. H. Read, for Laronge; G. E. Morgan, for Ingle.

No. 832

KARPF v. JACOBS

Ohio Appeals, 2d District, Montgomery County
No. 506. Aug. 4, 1923

**372. VENDOR AND PURCHASER.**

No liability on contract with real estate agent, if owner himself makes sale.

ALLREAD, J.

Epitomized Opinion

Karpf brought suit in Municipal Court to recover a real estate commission for the sale of certain real estate belonging to Jacobs which Jacobs sold to Duttle. Jacobs admitted employing Karpf to sell the real estate and admitted the sale to Duttle but denied that Karpf was instrumental in causing the sale. Karpf brought Duttle into negotiations with Jacobs for a sale at $19,000. These negotiations were dropped. Later Jacobs and one Roberts and Duttle entered into a three-cornered transaction in which Duttle obtained the real estate belonging to Jacobs for $16,500. Karpf claimed the benefit of the sale to Duttle and obtained judgment in Municipal Court. The Common Pleas reversed that judgment and rendered judgment for Jacobs. Karpf brought error proceedings to this court. Held:

There was nothing to present Jacobs, acting in good faith, from negotiating with Duttle, a substantially different deal, through another real estate agent. Judgment of Common Pleas affirmed.

Attorneys—Kusworm & Shaman, for Karpf; A. W. Schulman, for Jacobs.